IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES ex rel. COMFORT SYSTEMS USA (INTERMOUNTAIN), INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BIRD CONSTRUCTION & DEVELOPMENT, INC.; and EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:06-CV-40 TC |

On January 12, 2006, the Plaintiff Comfort Systems USA (Intermountain), Inc. filed a complaint against Defendants Bird Construction & Development, Inc., and Employers Mutual Casualty Company. The Plaintiff, who has asserted a claim under the Miller Act, 40 U.S.C. § 3131 et seq., contends that the United States government is a plaintiff and so the basis for subject matter jurisdiction lies in 28 U.S.C. § 1345 (granting subject matter jurisdiction based on the United States government being a plaintiff in the action). The Plaintiff is incorrect. Although the Miller Act requires a subcontractor to assert its claims in the name of the United States of America for the use and benefit of the subcontractor (here, the Plaintiff Comfort Systems), 40 U.S.C. § 3133(b)(3)(A), the United States itself is not a party to the action for purposes of subject matter jurisdiction under 28 U.S.C. § 1345. See Philips Bros. Elec. Contractors, Inc. v. Great American Ins. Co., 133 Fed. Appx. 815, 816, 816 n.1 (3d Cir. Mar. 4,

2005).

    Still, for purposes of clarification, and based on the allegations in the complaint, the court finds that it does have subject matter jurisdiction over the case because the Plaintiff has brought the case under the Miller Act.  The Miller Act provides a right to bring a civil cause of action in federal district court under certain circumstances.  40 U.S.C. § 3133(b).  Accordingly, the proper basis for subject matter jurisdiction is 28 U.S.C. § 1331 (federal question).  To the extent the Plaintiff has brought state law claims, it appears that the court has subject matter jurisdiction over those claims by virtue of the supplemental jurisdiction provision in 28 U.S.C. § 1367.  See <u>U.S. ex rel. Noyes v. Kimberly Constr., Inc.</u>, 43 Fed. Appx. 283, 286 (10th Cir. July 25, 2002) (noting that district court had subject matter jurisdiction under the Miller Act); <u>Philips Bros.</u>, 133 Fed. Appx. at 816 (noting that district court had subject matter jurisdiction over Miller Act claims and related state law claims based on the federal question and supplemental jurisdiction provisions of the United States Code).

    DATED this 9th day of February, 2006.

                  BY THE COURT:

                  *[signature: Tena Campbell]*

                  TENA CAMPBELL
                  United States District Judge